CROW, J.
This is a proceeding in error to reverse the judgment of the court of common pleas of Crawford county, Ohio, entered on a verdict of guilt of rape.
The indictment charges rape on the body of a person therein named, “then and there being a female person other than the daughter or sister of plaintiff in error, such person being of the age of fourteen years to wit, of the age of seventeen years.”
There is evidence tending to prove all the material ingredients of the crime, and the record does not show any concession by the accused of the existence of any of said elements.
1. The first assignment of error is that the verdict is not supported by sufficient evidence.
The court has carefully read and studied all the testimony, with the result that there is not such unanimity of opinion on this question, as will permit the judgment to be disturbed.
2. Error in the charge submitting the ease to the jury is relied on in two particulars:
(a) In failing to charge that defendant could be convicted of assault and battery.
This feature can be at once disposed of on the ground that no request was made for such an instruction. State v. McCoy, 88 Ohio St. 447 [103 N. E. 136] syllabus.
(b) In the enumeration of the elements necessary to a conviction, there was omitted the requisite fact that the person upon whom the rape was committed was a person other than the daughter or sister of the accused, or a female person under twelve years of age.
This assignment of error must be sustained for the reason that such fact was of the substance of the offense charged; that is, it was a matter of description. Howard v. State 11 Ohio St. 328.
Section 12413 of the General Code defines two distinct offenses, one punishable by imprisonment in the penitentiary during life, and the other by imprisonment in the penitentiary not less than three years, or more than twenty years. The indictment in the present case is for the offense punishable as last stated.
*795 The reasoning of Howard v. State, supra, is as valid now as it was when the decision was announced, and in no reported case has the correctness of that decision been questioned.
The trial court enumerated five facts which if found by the jury, would warrant conviction. One essential of the offense charge was omitted, namely; that the subject of the rape was a female person other than the daughter or sister of the accused, or a female person under twelve years of age.
For this omission the judgment must be reversed, the verdict set aside, and the cause remanded for a new trial and further proceedings according to law.”
Hughes and Warden, JJ., concur.